## HERNÁNDEZ ET AL. V. CUEBAS ET AL.

### APPEAL from the District Court of Mayagüez.

No. 494.—Decided June 16, 1910.

ACKNOWLEDGMENT AND PAYMENT OF MORTGAGE—LIABILITY OF HEIRS—JUDGMENT AGAINST SOME OF THEM.—The heirs of a mortgagor having been sued for the purpose of compelling them to acknowledge and pay the mortgage debt, and it appearing that the heirs accepted the inheritance, they are jointly or severally liable for the debt, whether the estate has been divided or not, and all or any of them may be sued and judgment recovered against them, in accordance with the provisions of section 96 of the Code of Civil Procedure.

ID.—ASSIGNMENT OF MORTGAGE—DEBTOR NOT NOTIFIED—THIRD PERSONS—HEIRS.—The provisions of the Mortgage Law, which require that notice of the transfer of a mortgage credit be served on the debtor, have been established in favor of third persons, and inasmuch as an heir is not considered as a third party under the Mortgage Law, he cannot oppose the acknowledgment and execution of a mortgage constituted by his ancestor, because of a failure to notify him, as an heir, of such transfer.

ID.—PARTIAL CANCELLATION OF A MORTGAGE—INTERVENTION OF THE HEIRS OF THE MORTGAGE DEBTOR.—The heirs of the mortgage debtor having intervened in the partial cancellation of a mortgage, by contracting with the debtor, this fact prevents them from opposing the payment of the balance, by alleging that they had no notice of the assignment of the credit.

ID.—TRANSFER FROM THE OLD BOOKS OF THE "ANOTADURÍA DE HIPOTECAS"—HEIRS OF THE MORTGAGE DEBTOR.—The heirs of the mortgage debtor not being considered as third persons under the Mortgage Law, they cannot successfully urge against the execution of a mortgage recorded in the old books of the registry, that it was not transferred to the books of the new registry of property.

ID.—CONFUSION OF RIGHTS—CHARACTER OF MORTGAGE CREDITOR AND SON OF THE ANCESTOR OF THE EXECUTION DEBTORS MERGED IN ONE PERSON—ACCEPTANCE OF INHERITANCE.—The ancestor of the execution debtors died in 1891 and the transfer of the mortgage foreclosed was made in 1892, while the acceptance of the inheritance of said ancestor by his son took place in 1907. *Held:* That inasmuch as the inheritance had not been accepted in 1892, when the transfer of the mortgage credit occurred, the acceptor could not be considered responsible, at that date, for the debts of the estate, and therefore the elements necessary for a confusion of rights were not merged in him. Moreover, this is a question that should have been raised in the court below, and not introduced for the first time in the appellate court.

DEMAND FOR PAYMENT.—It being a condition precedent to the enforcement of the mortgage contract, that a demand for payment should be made 30 days before the beginning of the suit, and as such demand was not made as required, the judgment should be reversed, without prejudice to the right of the complainants to make a proper demand and begin another action.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellants.

*Mr. Jacinto Texidor* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The judgment from which this appeal is taken granted the prayer of the complaint against all the defendants except one who was not summoned or cited. The suit was brought to compel the acknowledgment of a mortgage on a piece of property belonging to the ancestor of the defendants and for payment. The defendants accepted the inheritance. Hence, whether the estate has been divided or not, the defendants are either jointly or severally liable and all or any of them may be sued and judgment recovered against them, in accordance with the provisions of section 96 of the Code of Civil Procedure.

The ancestor of the complainants acquired his rights to the mortgage credit by cession or transfer from the original mortgage creditor. The appellants complain that they were not notified of the transfer and they mention certain articles of the Mortgage Law in support of their contention. But these articles and the Mortgage Law are in favor of third persons. The heir is not a third person under the Mortgage Law. Furthermore, the record shows that there was a partial cancellation of the mortgage debt in which the defendants intervened and contracted with the creditor.

One of the assignments of error is that the mortgage was never transferred from the old *Anotaduría de Hipotecas,* and that it should be recorded in the registry of property, in spite of the fact that there was no registry of property in 1875 when the mortgage was executed. As we have seen, however, the defendants, being heirs of the debtor, are not third persons and these objections cannot avail them.

There was another assignment of error to the effect that Felipe Cuebas, the original creditor, was the son of the ancestor of the defendants. It is contended that there was a confusion of rights in that he was both an heir and also a creditor and therefore responsible. Eugenio Cuebas, the ancestor,

died in 1891. The transfer of the credit was made in 1892. The acceptance of the inheritance by Felipe Cuebas took place in 1907. As Felipe Cuebas had not accepted the inheritance in 1892, he could not be considered responsible for the debts of the estate and it would seem that no question of confusion of credits can arise. Furthermore it appears that this question was not raised in the court below.

The appellants, however, also object that a demand for payment was not made 30 days before the beginning of this suit. This same condition, was repeated in the partial cancellation of the mortgage creditor to which we have referred. It was a condition precedent to the enforcement of the mortgage, and as such demand was not given as required, the action in this regard was premature.

The judgment must be affirmed in so far as it requires the defendants to acknowledge the mortgage, and reversed in so far as it orders the payment of the same, without prejudice to the right of the complainants to make a proper demand and begin another action.

*Reversed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras did not sit at the hearing of this case.